**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| CHARLES PEACH, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 14-143 |
| | : | |
| NORFOLK SOUTHERN RAILWAY | : | |
| COMPANY, | : | |
| Defendant. | : | |

**M E M O R A N D U M**

Stengel, J.                                                                June 30, 2014

A former railroad employee filed this Federal Employers Liability Act (FELA)

action to recover for damages allegedly sustained while working for Norfolk Southern.

The alleged accident occurred in southern Ohio. The plaintiff resides in southern Ohio.

Almost every potential witness in the case resides in southern Ohio. The defendant moves

to transfer the case to the Southern District of Ohio. I will grant the defendant's

unopposed motion and transfer the action.[1]

**I.      BACKGROUND**

Plaintiff Charles Peach is a former machine operator of Defendant Norfolk

Southern Railway Company. On August 17, 2011, the plaintiff claims he was injured

while operating a ballast regulator machine on railroad tracks in Lucasville, OH.[2] He

---

[1] The plaintiff did not file an opposition to this motion. During the Rule 16 conference, plaintiff's counsel indicated he would not oppose a motion to transfer. He recognized that the connection this action has to this district is tenuous.

[2] Compl., Doc. No. 1 at ¶ 7.

1

sustained serious injuries to his neck, shoulders, hands, and arms.[3] The plaintiff claims his injuries were the result of the defendant's negligence. He estimates his medical expenses, lost earnings, and other damages to be in excess of $50,000.[4]

In January 2014, the plaintiff filed his complaint in this district, under FELA. The plaintiff currently resides in Wheelersburg, OH. Norfolk Southern is a Virginia corporation with its principal place of business in Norfolk, Virginia. The only connection that this case has to this district is that plaintiff's counsel is here.[5]

Several Norfolk Southern employees witnessed the accident: Justin Lore, Randy Campbell, and Jim Lore.[6] Other employees of the defendant based out of Chillcothe, Ohio investigated the accident: James Rowen, Marcus Preecher, and Don Krupp, Jr. Justin Lore, Campbell, Rowen, and Preecher continue to work for Norfolk Southern at its Chillocothe, OH site.[7] Jim Lore and Krupp have since retired from Norfolk Southern. All of these employees, except Krupp, continue to live in southern Ohio.[8] The ballast

---

[3] Id.

[4] Id. at ¶ 13. See also Plaintiff's Medical Records, Doc. No. 8, Ex. C.

[5] During the Rule 16 conference with counsel for the parties, plaintiff's counsel admitted that this case's connection to this district as an appropriate venue is tenuous. Plaintiff's counsel indicated that the case was brought in this district because under FELA a suit can be brought in any district in which the defendant railroad does business.

[6] See Defendant's Motion to Transfer, Doc. No. 8; Affidavit of Cheri Bradley, Manager of Claims Litigation at Norfolk Southern, Doc. No. 8, Ex. B.

[7] Justin Lore works for Norfolk as an Assistant Foreman. Campbell works as a Tamper Operator based out of Chillocothe, OH. Rowen is still employed at Norfolk as Assistant Track Supervisor. Marcus Preecher continues to work at Norfolk as a Track Supervisor. See id.

[8] Justin Lore resides in West Portsmouth, OH. Campbell and Jim Lore reside in Portsmouth, OH. Rowen and Preecher live in Chillocothe, OH. Mr. Krupp now is believed to live in Fort Wayne, IN. See id.

regulator machine the plaintiff was operating when he was allegedly injured is located in Chillocothe, OH.

The plaintiff is currently being treated by several medical providers: Ismail Nabeel, M.D.; Gregory Balturshot, M.D., James Mullins, M.D., and Mark Fulton, M.D. of Central Ohio Neurological Surgeons; and Leon Rosenberg, M.D.[9] All of these providers are located in central or southern Ohio.[10]

## II.    DISCUSSION[11]

The defendant moves to transfer the action to the Southern District of Ohio, arguing *forum non conveniens* pursuant to 28 U.S.C. § 1404. Under FELA, an action may be brought in a district: 1) in which the defendant resides, 2) where the cause of action arose, or 3) where the defendant is doing business at the commencement of the action. 45 U.S.C. § 56. Norfolk Southern is not a Pennsylvania corporation nor is headquartered in the district. A substantial part of the events, acts, and/or omissions giving rise to this action did not occur in this district. The defendant, however, was doing business in the Eastern District of Pennsylvania at the time the suit was brought.[12] Venue is proper here for that reason.

"For the convenience of parties and witnesses, in the interest of justice, a district

---

[9] See Plaintiff's Medical Records, Doc. No. 8, Ex. C.

[10] Ismail Nabeel is at the Ohio State Medical Center in Columbus, OH. Central Ohio Neurological Surgeons is located in Westerville, OH. James Mullins, M.D. is in Portsmouth, OH. Dr. Leon Rosenberg of the Southern Ohio Medical Center is located in Portsmouth, OH. See id.

[11] This court has jurisdiction under FELA, 45 U.S.C.A. § 56.

[12] The complaint does not specifically address the issue of venue.

court may transfer any civil action to any other district or division where it might have

been brought." 28 U.S.C. §1404(a).[13] The movant bears the burden of establishing that a

transfer is warranted. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.

1995)(citations omitted). Ordinarily there is a strong presumption in favor of the

plaintiff's choice of forum; however, when the plaintiff is not from that forum, this

presumption holds less weight. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981).[14]

The FELA choice-of-venue provision does not prevent a court from transferring a case

under §1404(a). See, e.g., Dynka v. Norfolk Southern Ry. Corp., No. 09–4854, 2010 WL

2490683, at *2 (E.D. Pa. Jun. 15, 2010)(citing Ex parte Collett, 337 U.S. 55, 60 (1949)).[15]

District courts have the discretion to decide motions to transfer venue on a case-by-case

basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

     In deciding whether to transfer a case, a court must balance the private and public

interests protected by § 1404(a). Id. The private interests include the parties' preferences,

whether the claim arose elsewhere, the convenience of the parties and witnesses, and the

location of relevant books and records. Id. Public interests include: the enforceability of

---

[13] A district court may also transfer the case to the district "to which all parties have consented." See 28 U.S.C. §1404(a). While the plaintiff did not respond in opposition to this motion, the plaintiff has not explicitly consented to the transfer.

[14] "Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981).

Courts in this district have been divided on how much weight to afford a plaintiff's choice of forum under FELA when deciding a motion brought under § 1404(a). See Monington v. CSX Transp., Inc., Civ. A. No. 10–4591, 2010 WL 4751716, at *2 (E.D. Pa. Nov. 22, 2010); Jungman v. CSX Transp., Inc., No 10–4590, 2011 WL 144937, at *2 (E.D. Pa. Jan.18, 2011). Because the plaintiff's choice of forum is the only factor weighing against the transfer in this case, I have no reason to make a determination on how much weight to afford this factor. The plaintiff's choice of forum alone would not be enough to tip the scales in this case.

[15] "Section 1404(a) was drafted, in part, to provide a mechanism for the transfer of FELA cases brought under FELA's broad venue provision in inconvenient forums." Colandrea v. National R.R. Passenger Corp., No. Civ.A. 99–CV–2793, 2000 WL 186105, at *3 (E.D. Pa. Jan. 28, 2000)(citations omitted).

the judgment; practical considerations making trial easy, expeditious, or inexpensive; the efficiency of the relative courts in terms of case congestion; local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law. Id. at 879-80 (internal citations omitted).

Both the private and public factors weigh in favor of transfer to the Southern District of Ohio. The underlying incident took place in Lucasville, Ohio, which is within that district. The plaintiff resides within that district in Wheelersburg, Ohio. All but one of the potential fact witnesses with information about the alleged accident and subsequent investigation live in the Southern District of Ohio. Jim Lore and Don Krupp, who are former employees of Norfolk Southern, would need to be served with subpoenas from the Southern District of Ohio in order to be deposed. The plaintiff's treating physicians are also located in the Southern District of Ohio. The parties expect a trial to last four to six days. All of these people would need to travel for several days to the Eastern District of Pennsylvania, which is between 400 and 600 miles away from their respective locations.[16] This would impose an unnecessary expense and burden on the witnesses and their families. Norfolk Southern would also have to cover for the workers testifying at trial, for upwards of a week. The Southern District of Ohio is much more convenient for the parties and all the witnesses involved.

In addition, the equipment allegedly causing the accident and the location of the accident are located within the Southern District of Ohio. Both will need to be inspected

---

[16] Mr. Krupp would need to travel the farthest from Fort Wayne, IN, which is close to 620 miles from Philadelphia. Fort Wayne is close to 160 miles from Columbus, OH.

as part of discovery.[17] A judge and jury in Southern Ohio would be much more familiar with the accident site than would be a judge in this district. The plaintiff's medical records and the defendant's records are also in Ohio. Transporting the records to a courthouse in the Southern District of Ohio would be much less burdensome than transporting them to this district. The residents of Ohio also have a stronger interest in adjudicating workplace safety claims at a work site in their area than would residents of Pennsylvania.[18]

For all practical purposes, transferring the case to the Southern District of Ohio would make trial easier, more efficient, and less expensive for all those involved.[19]

### III.    CONCLUSION

For the foregoing reasons, I will grant the defendant's motion and transfer this action to the Southern District of Ohio.[20]

An appropriate Order follows.

---

[17] Depending on the size of the machine, it may need to be produced at trial.

[18] See Stephenson v. National R.R. Passenger Corp., No. 12–24132012, WL 4932043, at *3 (E.D. Pa. Oct. 17, 2012).

[19] The other factors of court congestion, familiarity with state law, and enforceability do not appear to weigh for or against a transfer.

[20] See Colandrea v. National R.R. Passenger Corp., No. Civ.A. 99–CV–2793, 2000 WL 186105, at *3 (E.D. Pa. Jan. 28, 2000)(transferring a FELA action to District of Connecticut, where plaintiff resided and accident happened); Henry v. CSX Trans., Inc., No. 10–03514, 2010 WL 4159241, at *4 (E.D. Pa. Oct. 21, 2010)(transferring FELA case under § 1404 when action had no connection to the district).